VAN BERGEN *against* DEMAREST & THOMPSON.

Where a second mortgagee was proceeding to sell the mortgaged premises under a *power of sale*, contained in the mortgage, the Court, as the rights of an *infant*, heir of the mortgagor, were concerned, and it appearing to be for the interest of all parties, ordered the sale to be stayed, and that it should be made under the direction of a Master, associated with the mortgagee, on giving a further notice of sale, for six weeks; and that no more of the premises should be sold than would be sufficient to pay the amount due on the mortgage, to be computed by the Master; provided a sale of a part could be made without prejudice.

THE bill of the plaintiff, who was of the age of five *April 13th.* years, filed by her next friend, stated that the mother of the plaintiff, in her life time, being seized of real estate, at the request of *D.*, her brother, who pretended that her husband, at his decease, was indebted to him, executed a bond and mortgage to the defendant *D.*, with a power of sale, to secure the debt. That *D.* assigned the bond and mortgage to *T.*, the other defendant, who was proceeding to sell the mortgaged premises, under the power. That the sum claimed to be due on the mortgage, was about 1,000 dollars, and that the mortgaged premises were worth 5,000 dollars. The bill prayed for an account, and an injunction to stay the sale, which was granted.

The defendant *D.*, in his answer, stated, that the accounts were exhibited to the plaintiff's mother before she executed the bond and mortgage; that the debt was justly due from her husband, and so admitted by her; that the balance due was 1,500 dollars, and the premises mortgaged were not worth more than 3,000 dollars, and that there was a prior mortgage for 710 dollars.

1819.

GREEN
v.
SLAYTER.

*Van Vechten,* for the defendants, moved to dissolve the injunction.

*Ostrander,* contra.

THE CHANCELLLOR considered that the answer of the defendant *Demarest,* denied all the equity of the bill, but that it would be proper and expedient, and for the interest of all parties, and especially as the rights of an infant plaintiff were concerned, that the sale in this case, under the power contained in the mortgage, should be subject to some restrictions. The counsel for the defendants consenting thereto, it was thereupon *ordered,* that it be referred to a Master to compute the amount due on the mortgage, and that upon the coming in of the report, the sale under the power be made under the direction of a Master, to be associated with the mortgagee for that purpose, and that a further six weeks notice of such sale be given ; and that no more of the premises be sold than the Master shall deem sufficient, provided part of the premises can be sold separately, consistently with the interest of all parties concerned ; and that the injunction be deemed to be modified conformably to this order.

Order accordingly.